JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> REAL PROPERTY LOCATED IN ARCADIA, CALIFORNIA, <br> Defendant. <br> FANG ZENG <br> Titleholder. | NO. CV 17-3887 MWF (RAOx) <br><br> **CONSENT JUDGMENT OF FORFEITURE** |

1

Plaintiff and potential claimants Fang Zeng, HSBC Bank USA, N.A., and Hestter Investments, LLC ("potential claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Potential claimants Fang Zeng, HSBC Bank USA, N.A., and Hestter Investments, LLC claim an interest in the defendant property, but have not filed claims in this case or answered the complaint. However, Fang Zeng, HSBC Bank USA, N.A., and Hestter Investments, LLC would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Fang Zeng, HSBC Bank USA, N.A., and Hestter Investments, LLC are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any

right, title or interest therein. The legal description of the defendant property, which property has Assessor Parcel Number 5769-009-030, is more fully described as follows:

> Lot 20, of Tract No. 52745, in the City of Arcadia, County of Los Angeles, State of California, as per map recorded in Book 1252 pages 43 to 46, inclusive of Maps, in the Office of the County Recorder in said county.
>
> Excepting and reserving therefrom, for the benefit of grantor, its successors and assigns, together with the right to grant and transfer all or a portion of the same, as follows:
>
> Non-exclusive easements for ingress, egress, utilities, drainage, landscape and for other purposes, and easements and rights as reserved to grantor as declarant as defined and described in the declaration of covenants, conditions and restrictions and reservation of easements for Anoakia Estates Homeowners Association and all supplementary declarations thereto, and any amendments thereto (the "Declaration"), as supplemented and amended.

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of this Court. The United States shall thereafter sell the property. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

    a. To the United States for its reasonable and customary costs and expenses of the sale (e.g. title company costs, broker fees, and related closing costs);

b.  To the Los Angeles County Assessor and Tax Collector of all unpaid real property taxes assessed against the defendant property to the date of entry of the Judgment of Forfeiture;

c.  To HSBC Bank as follows:

   i.  All unpaid principal and interest due under the Note which is secured by the Deed of Trust recorded as Instrument No. 2011-1333897 against the defendant property identifying HSBC Bank as beneficiary, as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

   ii. All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting HSBC's security interest;

d.  To Hestter Investment, LLC as follows:

   i.  All unpaid principal and interest due under the Note which is secured by the Deed of Trust recorded as Instrument No. 2016-

4

                    1226094 against the defendant property identifying Val-Chris Investments, Inc. as beneficiary (such interest being thereafter assigned to Hestter Investment, LLC), as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

            ii.    All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting Hestter's security interest; and

    e.    The balance shall be paid and forfeited to the United States of America, and such funds shall be disposed of according to law.

    4.    Potential claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be

asserted on behalf of potential claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Potential claimants have also waived any rights they may have to seek remission or mitigation of the forfeiture. Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by potential claimants of any liability or wrongdoing.

5. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 6, 2017 _____
THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Prepared by:

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section